[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14099
Non-Argument Calendar
_____

D. C. Docket No. 07-20311-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 28, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant is a citizen of Honduras. He arrived in the United States as an

immigrant in 1974, and was subsequently classified as a legal permanent resident. In June 1982, he was convicted in a Florida circuit court of trafficking cocaine. In November 1986, he was ordered removed from the United States, and in March 1998 was deported to Honduras as an aggravated felon.

On April 7, 2007, appellant was arrested by law enforcement officers at his residence in South Florida. After being advised of his Miranda rights, he admitted that he had illegally reentered the United States in January 2000. On April 27, 2007, a Southern District of Florida grand jury indicted him for being an alien found in the United States after previously having been deported, in violation of 18 U.S.C. §§ 1326(a) and (b)(2). He thereafter pled guilty to the charge.

The base offense level prescribed by the Guidelines for appellant's offense, and adopted by the district court, is eight. U.S.S.G. § 2L1.2. The court increased this level by 16 levels over appellant's objection because appellant had been deported after being convicted for cocaine trafficking in 1982. After giving appellant credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), the court set his offense level at 21. Since he had a criminal history category of I, his sentence range was 37-46 months' imprisonment. The court sentenced appellant below that range, to a prison term of 30 months. Appellant now appeals his sentence, contending that it is unreasonable because it was

enhanced on the basis of the offense he committed in 1982. He says that the enhancement is not supported by a penological justification; moreover, his sentence is greater than is necessary to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

A sentence is unreasonable if the district court abused its discretion in fashioning it. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005); Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). A district court abuses its discretion, and the sentence is therefore unreasonable, if it bases the sentence on clearly erroneous facts or misapplies the law. The court misapplies the law if it errs in calculating the Guidelines sentence range, treats the Guidelines as mandatory, fails to consider or erroneously applies the § 3553(a) sentencing purposes, or fails adequately to explain its reasoning.

The Guidelines provide for a 16-level enhancement of a defendant's base offense level if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. See U.S.S.G § 2L1.2(b)(1)(A). The enhancement applies regardless of the age of the conviction. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). The purpose of the enhancement is to deter aliens from reentering the United States. United States v.

Adeleke, 968 F.2d 1159, 1160 (11th Cir. 1992). The statute specifically provides for a greater maximum sentence for the illegal reentry of aggravated felons than illegal reentry of just any removed alien because Congress recognized the need for a greater deterrent in such a case. United States v. Zelaya, 293 F.3d 1294, 1298 (11th Cir. 2002).

Section 3553(a), requires the sentencing court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing the section sets forth, namely consideration of the nature and history of the offense as well as the defendant, the seriousness of the offense, promotion of respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. The reasonableness standard is not applied to each individual decision made during the sentencing process; rather, we consider the reasonableness of the ultimate sentence imposed in light of the § 3553(a) factors. United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).

In Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), the Supreme Court held that, in reviewing sentences for reasonableness under 18 U.S.C. § 3553(a), a court may apply a presumption of reasonableness to a

4

sentence imposed within the Guidelines range. Rita, 551 U.S. at ___, 127 S.Ct. at 2462. Nevertheless, our previous holdings remain intact. See United States v. Campbell, 491 F.3d 1306, 1313-1314 & n.8 (11th Cir. 2007) (deciding post-Rita not to presume as reasonable a sentence within the properly calculated range).

We conclude that the district court did not err in applying the U.S.S.G.§ 2L1.2(b) enhancement or in considering the § 3553(a) factors. Moreover, appellant has failed to demonstrate why his sentence is more severe than necessary to achieve the §3553(a) goals. In short, he has failed to establish that his sentence is outside the range of reasonableness.

AFFIRMED.