[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13785
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20280-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MIGUEL BARBOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 19, 2010)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Miguel Barbosa appeals his 70-month sentence for illegal reentry after

deportation of a convicted felon, in violation of 8 U.S.C. § 1326(a), (b)(2).  On

appeal, Barbosa argues that his sentence is unreasonable because the district court

did not properly consider the statutory factors to fashion a sentence that is

"sufficient, but not greater than necessary" to fulfill the goals of 18 U.S.C.

§ 3553(a).  Specifically, Barbosa argues that the district court failed to properly

consider his argument that he was entitled to a variance based on his personal

characteristics.  Barbosa further argues that the district court erred in failing to

consider that his criminal history was subject to double counting under the

sentencing guidelines and that fast-track programs create sentencing disparities in

re-entry cases.

We review the reasonableness of sentences imposed under the advisory

Sentencing Guidelines under an abuse of discretion standard.  *Gall v. United*

*States*, 552 U.S. 38, 56, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007).  The burden

of establishing unreasonableness lies with the party challenging the sentence.

*United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

When reviewing a sentence for reasonableness, we evaluate whether the

sentence imposed by the district court fails to achieve the purposes of sentencing

under 18 U.S.C. § 3553(a).  *Id*.  The sentencing court shall impose a sentence

sufficient, but not greater than necessary, to (1) reflect the seriousness of the

2

offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, (5) protect the public from future crimes of the defendant, and (6) provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). When considering the sufficiency and reasonableness of a sentence under § 3553(a), "double counting" of a particular factor, such as a defendant's criminal history, "is permissible if the Sentencing Commission intended the results, and if the result is permissible because each section concerns conceptually separate notions relating to sentencing." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992).

The sentencing court must also consider the following factors in determining a particular sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the guideline range; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). However, when considering the need to avoid unwarranted sentencing disparities, a district court is not permitted to consider disparities existing as a result of fast-track programs in jurisdictions without such a program. *United States v. Vega-Castillo*, 540 F.3d 1235 (11th Cir. 2008), *cert. denied*, 125 S.Ct. 2825 (2009).

3

Reasonableness review is deferential, and if a district court imposes a sentence within the advisory guideline range, "we ordinarily will expect that choice to be a reasonable one." *Id.* The sentencing judge should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Thus, if the record indicates in a "conceptually simple" case that a sentencing judge has listened to the arguments and considered the evidence, the judge is not legally required to expound upon the reasoning underlying his decision. 551 U.S. at 358-59, 127 S.Ct. at 2469.

Upon review of the record and consideration of the parties' briefs, we find no error. The court properly considered the arguments presented by the parties, the advisory sentencing guidelines, and the statutory factors in imposing a sentence at the low end of the guideline range. Additionally, the district court committed no error in not considering the double counting of Barbosa's criminal history under the sentencing guidelines or the sentencing disparities that exist due to fast-track programs in some jurisdictions. Because Barbosa has not met his burden to show that this sentence does not meet our ordinary expectation of reasonableness, we affirm.

**AFFIRMED.**