[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 02, 2010
JOHN LEY
CLERK

No. 10-11549
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00469-TWT-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE TERRAZAS-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 2, 2010)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Jose Terrazas-Hernandez appeals his 46-month prison sentence, imposed at

the low end of the applicable Guideline sentencing range, after pleading guilty to illegally re-entering the United States subsequent to having been deported following a conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, he argues that his sentence was substantively unreasonable because the district court over-emphasized the applicable sentencing range, which, he maintains, was based almost entirely on a 12-year-old sexual assault conviction.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009). The party challenging the sentence has the burden of establishing unreasonableness in light of the record and the § 3553(a) factors. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

The Guidelines provide for a 16-level enhancement of a defendant's base offense level if the defendant previously was deported after a conviction for a

crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The enhancement applies regardless of the age of the conviction. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005). The purpose of the enhancement is to deter aliens from reentering the United States. *United States v. Adeleke*, 968 F.2d 1159, 1160 (11th Cir. 1992). The statute specifically provides for a greater maximum sentence for the illegal reentry of violent felons than illegal reentry of just any removed alien because Congress recognized the need to provide for a greater deterrence to illegal entry in such cases. *United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing

3

disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1)-(7).

In its consideration of the § 3553(a) factors, the district court does not need to discuss each factor explicitly. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under [*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)]." *Id.* "We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Gonzalez*, 550 F.3d at 1324 (quotations omitted). "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 788.

In this case, the district court did not abuse its discretion by declining Terrazas-Hernandez's request for a downward variance because his U.S.S.G. § 2L1.2(b) enhancement was based on an old conviction. As noted above, the age of the prior conviction is irrelevant to the application of the enhancement. Accordingly, the district court did not err by applying the enhancement or by refusing to grant a downward variance to minimize or eliminate the enhancement's

4

adverse impact on his guideline range.

Moreover, Terrazas-Hernandez's custodial sentence of 46 months was reasonable. The record does not support his contention that the district court placed too much weight on the applicable guideline range. Instead, the district court considered all of the § 3553(a) factors and the arguments of the parties in imposing an individualized sentence at the low end of the custodial range. A term of imprisonment of several years arguably will deter Terrazas-Hernandez, and others similarly situated, from illegally re-entering the United States once again. Furthermore, his sentence was well below the maximum 20-year sentence available under 8 U.S.C. § 1326(b)(2).

Under the totality of the circumstances, it cannot be said that Terrazas-Hernandez's 46-month's sentence was greater than necessary to accomplish the purposes of sentencing. Accordingly, Terrazas-Hernandez has not satisfied his burden of establishing substantive unreasonableness in light of the record and the § 3553(a) factors.

AFFIRMED.