[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15524
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00208-JOF-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO SUAREZ-ROCHA,
a.k.a. Roberto Morena Martinez,
a.k.a. Roberto Enriquez-Martinez,
a.k.a. Roberto Ivara Garcia,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 13, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Suarez-Rocha appeals his 96-month sentence, imposed after

pleading guilty to illegal re-entry after removal, in violation of 8 U.S.C. § 1326(a)

and (b)(2).  He contends that the sentence imposed was substantively unreasonable.  After a thorough review of the record, we affirm.

Suarez-Rocha pleaded guilty to illegal reentry and admitted that he had been deported five previous times following convictions for controlled substance offenses and that he had reentered the United States without permission for a sixth time in 2009.  In March 2010, he was convicted for traffic violations in state court and ultimately charged with the instant federal offense.

The court determined Suarez-Rocha's guideline range as 77 to 96 months' imprisonment, which was based on an 16-level increase because he had been convicted of a drug-trafficking offense and on his criminal history category VI.  Suarez-Rocha requested a sentence at the low end of the range or a non-guideline sentence, citing the mitigating factor that he reentered the United States because his son had been accused of being involved in a shooting incident.  The court considered the need to deter "undesirable" illegal immigrants–those that commit crimes–and the fact that the statutory maximum sentence of twenty years might be the only way to deter Suarez-Rocha.  Nevertheless, recognizing the disparity in sentencing in similar cases, the court imposed a sentence of 96 months' imprisonment, the high end of the guideline range.  This is Suarez-Rocha's appeal.

Suarez-Rocha argues that the sentence is substantively unreasonable due to

the severity of the 16-level enhancement for a previous illegal re-entry after conviction of a drug-trafficking offense and the district court's failure to weigh his history and characteristics properly.

A district court must impose a sentence that is both procedurally and substantively reasonable.[1] *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Id*. at 41. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Pursuant to § 3553(a), the sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the

---

[1] A sentence can be procedurally or substantively unreasonable. Procedural error may exist if the district court improperly calculated the guidelines, based a sentence on clearly erroneous facts, failed to consider the 18 U.S.C. § 3553(a) factors, or failed to explain adequately the sentence. *United States v. Gall*, 552 U.S. 38, 51 (2007). In this case, the district court made no mention of the § 3553(a) factors when it imposed sentence. But Suarez-Rocha does not challenge the procedural reasonableness of his sentence and thus has abandoned this issue. *United States v. Smith*, 416 F.3d 1350, 1354 (11th Cir. 2005).

defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we would ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1192-93 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). We will remand for resentencing when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*,

515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

Here, Suarez-Rocha's 96-month sentence is substantively reasonable. The court addressed Suarez-Rocha's significant criminal history and the fact that his previous convictions and sentences did not deter him from illegally returning to the United States on multiple occasions and committing further crimes. The district court was permitted to consider Suarez-Rocha's criminal history both in calculating the base offense level and in determining the criminal history category. *See United States v. Adeleke*, 968 F.2d 1159, 1160-61 (11th Cir. 1992). Moreover, the sentence was well below the 20-year statutory maximum sentence. *Gonzalez*, 550 F.3d at 1324. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**