[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10582
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00386-JEC-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO ZALDIVAR-PINEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 17, 2011)

Before BARKETT, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Fernando Zaldivar-Pineda appeals his 51-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that his sentence is substantively unreasonable because: (1) it is longer than necessary to achieve the sentencing goals encompassed in 18 U.S.C. § 3553(a); (2) the court did not take into account his characteristics or the nature of the offense; and (3) the 16-level enhancement he received pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for being previously deported after being convicted of a crime of violence was unnecessarily harsh and constituted double counting. For the reasons set forth below, we affirm Zaldivar-Pineda's sentence.

## I.

Zaldivar-Pineda, a citizen of Honduras, entered the country legally in 1998. He was convicted of three counts of robbery on February 9, 2004, and administratively deported on November 19, 2007. He reentered the United States in October 2009 without permission.

Zaldivar-Pineda's base offense level was eight, pursuant to U.S.S.G. § 2L1.2. He received a 16-level enhancement under § 2L1.2(b)(1)(A)(i)[1] because he was previously deported after being convicted of a crime of violence, namely,

---

[1] The presentence investigation report appears to contain a typographical error, as it is actually U.S.S.G. § 2L1.2(b)(1)(A)(ii) that mandates a 16-level enhancement when a defendant has previously been deported after being convicted of a crime of violence.

robbery. After a 3-level reduction for acceptance of responsibility, Zaldivar-Pineda's total adjusted offense level was 21. He was assigned a criminal history category of III because he had prior convictions for theft by shoplifting and robbery and because he committed the instant offense while on probation. As to his robbery convictions, Zaldivar-Pineda and two codefendants had used a 9 millimeter handgun to unlawfully take a wallet, jewelry, a cell phone, boots, and money from three victims. Based on an offense level of 21 and a criminal history category of III, Zaldivar-Pineda's guideline range was 46 to 57 months' imprisonment, and the statutory maximum sentence was 20 years' imprisonment.

At sentencing, Zaldivar-Pineda argued, through counsel, that he should receive a sentence below the guideline range. He explained that Zaldivar-Pineda had been the driver in the robbery, but he had not possessed any firearms or actually committed the robbery. He argued that assessing criminal history points as well as a 16-level enhancement for his robbery convictions constituted double counting. Further, the 16-level enhancement was arbitrary and unfair. Thus, he asked the court to reduce either the 16-level enhancement or his criminal history category. Zaldivar-Pineda also asked the court to consider his reason for returning to the United States, which was to help his ill mother return to Honduras. He did not plan to move back to the United States.

The court stated that, in this case, the 16-level enhancement was not arbitrary, and it did not matter that Zaldivar-Pineda was only the driver in the robbery due to the violent nature of the crime. The court did not believe Zaldivar-Pineda's explanation for why he returned to the Untied States, nor did it believe that Zaldivar-Pineda did not plan to return once he was deported. The court considered the factors set forth in 18 U.S.C. § 3553(a) and sentenced Zaldivar-Pineda to 51 months' imprisonment. Zaldivar-Pineda objected that the sentence was unreasonable and that the 16-level enhancement was arbitrary.

II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Under the abuse of discretion standard, the sentence will be affirmed "unless we find that the district court has made a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation omitted), *cert. denied*, (U.S. June 6, 2011) (Nos. 10-1075, 10A630).

The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). We determine whether a sentence is substantively reasonable by examining the sentence in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We expect a sentence within the guideline range to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The reasonableness of a sentence may also be indicated when the sentence imposed is well below the statutory maximum sentence. *See id.* The party challenging a sentence bears the burden of establishing that it is unreasonable. *Talley*, 431 F.3d at 788.

5

In *United States v. Adeleke*, 968 F.2d 1159 (11th Cir. 1992), we upheld the enhancements in § 2L1.2(b)(1) because: (1) they rationally promoted the policy of deterring aliens who were also convicted felons from reentering the United States; and (2) they did not result in improper double counting because the Sentencing "Commission clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2." *Adeleke*, 968 F.2d at 1160-61.

Zaldivar-Pineda has failed to demonstrate that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. The court's sentence of 51 months is within the applicable guideline range of 46 to 57 months and well below the 20-year statutory maximum sentence, and we ordinarily expect such a sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324. The sentence, moreover, met the goals encompassed within 18 U.S.C. § 3553(a). Zaldivar-Pineda was deported in 2007 after being convicted of three counts of robbery. He illegally reentered the country less than two years after being deported and while still on probation. Considering Zaldivar-Pineda's criminal history and disregard for the criminal and immigration laws of the United States, a sentence within the guideline range was necessary to promote respect for the law, provide just punishment, deter Zaldivar-Pineda from further criminal activity, and protect the public. Furthermore, the court considered

Zaldivar-Pineda's characteristics and stated reason for returning to the United States, but it did not believe that Zaldivar-Pineda returned to the country simply to help his mother move to Honduras, nor did it believe that he did not plan to return again. Thus, a lower sentence was not warranted based on his characteristics or history, and we will not re-weigh the factors because Zaldivar-Pineda's ultimate sentence was reasonable. *See Snipes*, 611 F.3d at 872.

Zaldivar-Pineda's arguments as to the 16-level enhancement and § 2L1.2(b)(1)(A) are also meritless. The § 2L1.2(b)(1) enhancements are justified because they deter aliens who are convicted felons from returning to the United States. *See Adeleke*, 968 F.2d at 1160-61. Furthermore, these enhancements are not impermissible double counting because the Sentencing Commission intended for prior felonies to result in both an increased criminal history score and a § 2L1.2(b)(1) enhancement. *See id.* at 1161. Therefore, the court did not abuse its discretion in applying this enhancement, and, as discussed above, the court imposed a reasonable sentence that achieved the sentencing goals of § 3553(a).

For the foregoing reasons, we affirm Zaldivar-Pineda's sentence.

**AFFIRMED.**