[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14328
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20123-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

ARMANDO VILLATORO-REYES,
a.k.a. Jorge Moreno,
a.k.a. Teodoro Osorio-Martinez,
a.k.a. Carlos Reyes,
a.k.a. Hernanan Valdez,
a.k.a. Franklin Reyes,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2012)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

Armando Villatoro-Reyes, who was convicted after he pleaded guilty to illegally reentering the United States after deportation for an aggravated felony, appeals his 70-month prison sentence, contending that it is substantively unreasonable.

## I.

Villatoro-Reyes was deported from the United States in 1996 because he had been convicted in California of possession for sale of cocaine base, an aggravated felony. He reentered the United States in 1998 through Miami, Florida. In 2011 he was arrested by deportation officers and indicted by a federal grand jury for illegally reentering the United States after deportation for an aggravated felony. See 8 U.S.C. § 1326(a), (b)(2). He pleaded guilty to that charge without a written plea agreement.

The presentence investigation report recommended a base offense level of 8 under United States Sentencing Guidelines § 2L1.2(a) (Nov. 2010). It added 16 levels under § 2L1.2(b)(1)(A) because Villatoro-Reyes was deported after being convicted of a drug trafficking offense for which the sentence imposed exceeded 13 months, and it subtracted 3 levels for acceptance of responsibility under §

3E1.1. The result was a recommended total offense level of 21.

The PSR reviewed Villatoro-Reyes' extensive criminal history, which included convictions for driving under the influence, battery, sale or transportation of a controlled substance (twice), possession for sale of cocaine base (twice), prison escape without force, driving without a valid driver's license (three times), and resisting an officer without violence. His criminal history also included additional arrests for burglary of an occupied conveyance, driving without a valid driver's license, DUI, and possession of a controlled substance. The PSR calculated a total of 11 criminal history points and recommended a criminal history category of V.

With a total offense level of 21 and a criminal history category of V, the applicable guidelines range was 70–87 months imprisonment. The statutory maximum sentence for reentering the United States after deportation for an aggravated felony is 20 years. See 8 U.S.C. § 1326(b)(2).

Villatoro-Reyes did not object to the calculation of the guidelines range, but he asked for a below-the-guidelines sentence of 30 months. He argued that his conviction of possession for sale of cocaine base was "getting double scored" because it was used for the U.S.S.G. § 2L1.2(b)(1)(A) enhancement and also counted toward his criminal history points. He argued that, based on the nature

and circumstances of his offense, his history and characteristics, his lack of "scorable" offenses since the mid-1990s, the "flawed nature" of § 2L1.2, and the other 18 U.S.C. § 3553(a) factors, a sentence of 30 months was reasonable. The government requested a sentence at the bottom of the guidelines range.

The district court pointed out that Villatoro-Reyes had recent arrests, one for a controlled substance violation in 2001 and one for a burglary violation in 2007. It then said: "If he is committing crimes, some of them pretty serious, I have a little difficulty with a variance." The court also stated that "under the circumstances, the provisions of 18 U.S.C. § 3553, in consideration of those factors and the argument of counsel, the briefs and memorandum . . . that a sentence within the guidelines is the appropriate sentence to effectuate a fair and just sentence." It sentenced Villatoro-Reyes to 70 months imprisonment and 3 years supervised release.

## II.

Villatoro-Reyes contends that his sentence is substantively unreasonable because the district court did not properly weigh the 18 U.S.C. § 3553(a) factors. We apply an abuse of discretion standard in reviewing a sentence. United States v. White, 663 F.3d 1207, 1215 (11th Cir. 2011). Our substantive reasonableness review is guided by the factors in 18 U.S.C. § 3553(a). Id. at 1217. The district

court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in that statutory provision. 18 U.S.C. § 3553(a). Those purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment of the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. Id. § 3553(a)(2). Among other factors, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities. See id. § 3553(a)(1), (4), (6).

The burden of establishing that a sentence is unreasonable lies with the party challenging it. White, 663 F.3d at 1217. We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Villatoro-Reyes has not demonstrated that his sentence is substantively unreasonable. His 70-month sentence is inside the guidelines range, and

5

"although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (alteration and quotation marks omitted). His sentence is also well below the statutory maximum prison term of 20 years, see United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a defendant's sentence was reasonable in part because it was well below the statutory maximum), and the record shows that the court considered the § 3553(a) factors and Villatoro-Reyes' argument for a below-the-guidelines sentence. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that a district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors").[1]

**AFFIRMED.**

---

[1] To the extent Villatoro-Reyes argues that the district court engaged in double counting by using a prior conviction for both the U.S.S.G. § 2L1.2 enhancement and for calculating his criminal history category, we reject that argument. Double counting is permitted if the Sentencing Commission intended that result and the two guidelines sections serve different purposes. United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992). Criminal history categories punish recidivists, and § 2L1.2(b)(1)(A) deters aliens from reentering the country after committing felonies. Id.