**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Reynaldo BRITO–ACOSTA,**
**Defendant–Appellant.**

**No. 91–30271.**

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 1992.\*

Decided May 7, 1992.

Victor H. Lara, Kurtz, Hurley & Lara, Yakima, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before: BROWNING, WRIGHT, and FERNANDEZ, Circuit Judges.

## PER CURIAM:

Reynaldo Brito–Acosta (Brito) was convicted of unlawfully being in the United States after deportation, in violation of 8 U.S.C. § 1326. He appeals the calculation of his sentence under U.S.S.G. § 2L1.2(b)(1) (Nov.1990). We affirm.

## FACTS

On June 25, 1991, Brito pled guilty to being illegally in the United States on November 13, 1990 in violation of 8 U.S.C. § 1326. On July 18, 1991, he was sentenced to eighteen months imprisonment and two years supervised release. His base offense level was enhanced by four levels under U.S.S.G. § 2L1.2(b)(1) because he was previously deported after sustaining a conviction for a felony, second degree assault. His deportation was based on a misdemeanor conviction for unlawfully possessing a firearm.

## DISCUSSION

Brito claims that it is improper to increase the offense level when a person is not deported for the prior felony itself. We have had occasion to apply section 2L1.2(b)(1). *See United States v. Olvera–Cervantes,* 960 F.2d 101 (9th Cir.1992); *United States v. Arias–Granados,* 941 F.2d 996 (9th Cir.1991). However, we have not previously considered the argument Brito now makes. Upon considering the argument, we find it to be without merit.

The district court properly applied the Guidelines in calculating Brito's sentence. The base offense level for unlawfully reentering the United States after deportation is eight. U.S.S.G. § 2L1.2(a). The Guidelines require a four level increase "[i]f the defendant previously was deported *after sustaining a conviction for a felony,* other than a felony involving violation of the immigration laws...." U.S.S.G. § 2L1.2(b)(1) (emphasis added).

It is irrelevant that Brito was deported on the basis of the misdemeanor firearm possession rather than the felony second degree assault. The plain language of the Guidelines indicates that the factual occurrence of the felony conviction and not the contingency of deporting on the basis of it is the determining factor for the four point enhancement. The November 1, 1991 Guidelines, while not specifically applicable to Brito's sentence, support this plain language interpretation of section 2L1.2(b)(1): "'Deported after a conviction,' as used in subsections (b)(1) and (b)(2), means that the deportation was subsequent to the conviction, whether or not the deportation was in response to such conviction." U.S.S.G. § 2L1.2(b)(1) comment. (n. 6) (Nov.1991). This amendment was added for the purpose of "clarification." *See* U.S.S.G.App. C, amend. 375 (Nov. 1991). "To the extent this amendment can be read to clarify, rather than alter, the prior guideline, '[this court] may give it substantial weight in determining the meaning of the [earlier] guideline.'" *United States v. Helmy,* 951 F.2d 988, 995 (9th Cir.1991).

Therefore, the deportation itself need not be based upon a prior felony conviction in order for the section 2L1.2(b)(1) four level enhancement to apply.

AFFIRMED.