**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Paul Godwin ADELEKE,**
**Defendant–Appellee.**

No. 91–8520.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1992.

William R. Toliver, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellant.

Jake Waldrop, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellee.

Before ANDERSON, Circuit Judge, HILL and ESCHBACH *, Senior Circuit Judges.

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

ESCHBACH, Senior Circuit Judge:

The United States appeals from the sentence of an alien who was convicted of illegally reentering the United States after having been deported. *See* 8 U.S.C. § 1326 (West 1992). The United States argues that the defendant's sentence should have been enhanced under U.S.S.G. § 2L1.2(b)(1) because he was convicted of the felony of passport fraud prior to his deportation. The section provides: "If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels." The district court declined to apply the enhancement, holding that § 2L1.2(b)(1) is applicable only if the prior felony conviction was the basis for the deportation, and that the section is not applicable if the conviction merely preceded the deportation chronologically. We believe that the section applies to prior felony convictions, whether or not the conviction caused the deportation, and reverse.

## Analysis

■ "The plain language of the Guidelines indicates that the factual occurrence of the felony conviction and not the contingency of deporting on the basis of it is the determining factor in the four point enhancement." *United States v. Brito–Acosta*, 963 F.2d 1284 (9th Cir.1992). "After" is a word of chronology, not a word of causation.

■ Even if the guidelines were unclear, Application Note 6 to the Guidelines settles the question definitively. The note states: "Deported after a conviction,' as used in subsections (b)(1) and (b)(2), means that the deportation was subsequent to the conviction, *whether or not the deportation was in response to such conviction*" (emphasis added). Although this note took effect November 1, 1991, *after* Adeleke was sentenced, considering this note in the present case does not violate the Ex Post Facto Clause of the United States Constitution, art. I, § 9, cl. 3. The application note was added to clarify an existing guideline, U.S.S.G.App. C, amend. 375 (Nov. 1991), and the note does not have the force of law, as does a guideline. Thus, the note has not changed the law. *Compare United States v. Worthy*, 915 F.2d 1514, 1516 n. 7 (11th Cir.1990) (applying guideline amended after the defendants were sentenced would violate Ex Post Facto Clause) *with United States v. Ortiz Barrera*, 922 F.2d 664, 666 n. 4 (11th Cir.1991) (when guideline is clear on its face anyway, considering post-sentencing revision in application note as "relevant to the interpretation of" pre-amendment guideline does not violate Ex Post Facto Clause). The Ninth Circuit came to the identical conclusion in *Brito–Acosta*, holding that a defendant sentenced before Application Note 6 took effect was subject to the enhancement even though his prior convictions were not the basis for the deportation. The Ninth Circuit believed that the guideline was clear on its face and that the subsequent application note could be considered in bolstering that interpretation. 963 F.2d at 1285.

■ Finally, Adeleke argues that it violates equal protection to enhance the sentences of re-entering aliens with felony convictions that were not the basis for the deportation, because such an enhancement makes an irrational distinction between aliens with prior felony convictions and citizens with prior felony convictions. Because criminal history adjustments already take the defendant's prior criminal history into account, Adeleke contends, § 2L1.2(b)(1) punishes re-entering aliens *twice* for their prior criminal history. Defendants who are American citizens, by contrast, have their sentences enhanced only once on the basis of their prior criminal history. But the Sentencing Commission may have concluded that an alien who has been convicted of a felony should be strongly deterred from re-entering the United States, a consideration not present with respect to an American citizen. *See* 8 U.S.C. § 1326(b) (Congress specified certain punishments for aliens "whose deportation was *subsequent* to a conviction for commission of a felony" (emphasis added)). This policy justifies distinguishing between aliens with prior convictions and citizens

with prior convictions. We believe that the guideline pursues this policy rationally. *See Mathews v. Diaz,* 426 U.S. 67, 77, 96 S.Ct. 1883, 1890, 48 L.Ed.2d 478 (1976) (aliens are "persons" under Due Process Clause of Fifth Amendment, so that federal government may not discriminate against them without rational basis). If Adeleke's argument amounts instead to a contention that the district court engaged in improper "double counting," then that contention also fails. Double counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because "each section concerns conceptually separate notions relating to sentencing." *United States v. Aimufua,* 935 F.2d 1199, 1201 (11th Cir. 1991); *United States v. Goolsby,* 908 F.2d 861 (11th Cir.1990). The Commission clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2, *see* § 2L1.2 Note 5 (this adjustment "applies in addition to any criminal history points added for such conviction"), and this result is permissible because of the divergent policies noted above. The criminal history section is designed to punish likely recidivists more severely, while the enhancement under § 2L1.2 is designed to deter aliens who have been convicted of a felony from re-entering the United States. *See United States v. Campbell,* 967 F.2d 20 (2d Cir.1992) (upholding double counting between §§ 4A1.3 and 2L1.2).

### Conclusion

For the reasons stated, we REVERSE and REMAND for resentencing.