[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12371
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20031-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAUNDA OMAR JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 24, 2008)

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Kaunda Omar Jackson appeals his sentence of 48 months of imprisonment

for illegal reentry after deportation.  18 U.S.C. § 1326(a), (b)(2).  Jackson argues for the first time on appeal that the application of section 2L1.2 is unreasonable and constitutes double counting.  Jackson also argues that his sentence is unreasonable.  We affirm.

Objections that are not raised in the district court are reviewed for plain error.  United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006) (per curiam).  We review the reasonableness of a criminal sentence for an abuse of discretion.  Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The district court did not plainly err in applying section 2L1.2 of the Sentencing Guidelines.  The district court correctly calculated the guideline range and considered that range as one of several factors regarding Jackson's sentence.  United States v. Booker, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005); United States v. Williams, 527 F.3d 1235, 1248 (11th Cir. 2008).  The application of section 2L1.2 also is not impermissible double counting because the use of a prior felony in the criminal history section and section 2L1.2 serve the separate purposes of punishing recidivism and deterring aliens from reentry.  United States v.

2

Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992).

The district court did not abuse its discretion by imposing a sentence within the guideline range.  Although Jackson complains that the court failed to consider that he reentered the United States to join his family and he regretted his crime, the court stated that it had considered those facts.  The court did not abuse its discretion when it concluded that a sentence of 48 months of imprisonment served the statutory purposes of deterrence and adequate punishment.  See 28 U.S.C. § 3553(a); Gall v. United States, 128 S. Ct. 586, 597 (2007).  Jackson's sentence is reasonable.

Jackson's sentence is **AFFIRMED**.