[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2011
JOHN LEY
CLERK

No. 10-13243
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-00106-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SANDOVAL-ESCOBAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 22, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Sandoval-Escobar appeals his below-guideline 30-month sentence,

imposed after he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Sandoval-Escobar, a citizen of Guatemala, entered the United States in 1990. In 2000, he was deported following his conviction for cocaine trafficking. In 2007, he illegally reentered and was later arrested in Florida for conduct unrelated to the instant offense. After he was turned over to federal authorities, he pleaded guilty to illegal reentry.

The probation officer calculated Sandoval-Escobar's sentencing range as 41 to 51 months, due in part to a base offense level of 8 under U.S.S.G. § 2L1.2 and a 16-level enhancement due to the prior drug-trafficking conviction, § 2L1.2(b)(1)(A)(i). The prior conviction also increased Sandoval-Escobar's criminal history category to II.

Sandoval-Escobar raised no objections to the sentencing calculations, but he requested a downward variance from the guideline range, arguing that 18 months would be sufficient under 18 U.S.C. § 3553(a). The court granted a downward variance to 30 months' imprisonment. Although the court expressed concern that a single, thirteen year-old conviction formed the basis for the sentencing enhancement, the court nevertheless found that a 30-month sentence was appropriate under § 3553(a). This appeal followed.

Sandoval-Escobar argues that his sentence is substantively unreasonable because the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) places undue weight on a single prior conviction, resulting in a sentence that is greater than necessary to comply with 18 U.S.C. § 3553(a). He points to statistics indicating lower rates of recidivism in older offenders and offenders sentenced to shorter terms of imprisonment. He also contends that the § 2L1.2(b)(1)(A)(i) enhancement results in "unwarranted similarities" with other more serious crimes. Sandoval-Escobar further argues that the § 2L1.2(b)(1)(A)(i) enhancement results in illegal double-counting of the prior conviction, but acknowledges that such argument is foreclosed by *United States v. Adeleke*, 968 F.2d 1159 (11th Cir. 1992). Finally, he argues for the first time in his reply brief that the district court failed to adequately explain its reasoning regarding the extent of the downward variance.

We engage in a two-step process in reviewing sentences of imprisonment. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). First, we look for any significant procedural errors, such as improper application of the guidelines, failure to consider § 3553(a) factors, basing a sentence on clearly erroneous facts, or failure to adequately explain the chosen sentence. *Id.* Second, we review the substantive reasonableness of a sentence under "a deferential abuse-of-discretion

3

standard" regardless of whether the sentence is "inside, just outside, or significantly outside the Guidelines range." *Id.* at 1090-91 (*quoting Gall v. United States*, 552 U.S. 38, 41 (2007)). In this step, we take into account the "totality of the circumstances" and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Livesay*, 525 F.3d at 1091.

The burden rests on the party challenging the sentence to show that the "sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Bohannon*, 476 F.3d 1246, 1253 (11th Cir. 2007). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (2010) (*en banc*), *petition for cert. filed*, (U.S. Nov. 24, 2010) (No. 10-727). It is only in rare cases that this standard is met. *See id.* at 1190-91 (noting that "[o]ut of hundreds of sentences" reviewed since *Booker*, "only four [have been] found to be substantively unreasonable").

Sandoval-Escobar raises two issues of procedural reasonableness. But we need not address his first argument - that the district court failed to properly

explain its reasoning - because he raised it for the first time in his reply brief.  *See, e.g., United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[a]rguments raised for the first time in a reply brief are not properly before a reviewing court").

As to his second argument, although we note that Sandoval-Escobar failed to raise the double-counting argument in the district court, the argument fails no matter what standard of review we apply; this court specifically considered and rejected the double-counting argument in *Adeleke*, 968 F.2d at 1161.

Sandoval-Escobar also challenges the substantive reasonableness of his sentence.  But he has not presented any evidence that the below-guidelines sentence was unreasonable under the totality of the circumstances.  In essence, he argues that although the district court considered his arguments and specifically gave weight to his criminal history in granting a downward variance, the district court committed a clear error in failing to give greater weight to these factors and grant him an eighteen-month sentence.  This argument fails.

The district court specifically considered the impact of the § 2L1.2(b)(1)(A)(i) enhancement in the context of Sandoval-Escobar's criminal history and addressed its concerns by granting an eleven-month downward variance.  Moreover, although the statistical evidence raised by Sandoval-Escobar regarding recidivism was not proffered at the sentencing hearing, the district court

5

heard and considered factors in Sandoval-Escobar's personal circumstances, which indicated a lower likelihood of recidivism.

Third, Sandoval-Escobar's argument that his sentence results in a "unwarranted similarities" with "more serious crimes" relies on a case where the Supreme Court considered the reasonableness of a lower sentence of a "co-conspirator" who had withdrawn from the conspiracy as compared to other co-conspirators. *Gall*, 552 U.S. at 55. We have not extended this "unwarranted similarities" rationale to require sentencing courts to engage in a broad comparison to other unrelated crimes and criminals subject to the same guideline. In fact, "ordinarily we will expect a sentence within the Guidelines range to be reasonable." *United States v. Chavez*, 584 F.3d 1354, 1365 (11th Cir. 2009), *cert. denied* 131 S.Ct. 436 (2010). Here, Sandoval-Escobar received a sentence well below both the minimum guideline range and the twenty-year maximum sentence. Thus, Sandoval-Escobar failed to demonstrate that his sentence was unreasonable.

**AFFIRMED.**