[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2012
JOHN LEY
CLERK

No. 11-12810
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00036-WSD-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANILO JOSE GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 4, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Danilo Jose Gutierrez appeals his 27-month sentence of imprisonment, after pleading guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). Gutierrez argues that his sentence is substantively unreasonable in light of the relevant factors under 18 U.S.C. § 3553(a), because the eight-level aggravated felony enhancement, imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(C), resulted in an unreasonable guideline range not entitled to deference, the enhancement double-counted his prior misdemeanor battery conviction, and the district court failed to properly consider the nature of his offense and his personal characteristics in determining sentence.

We engage in a two-step process in reviewing sentences of imprisonment. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). First, we look for any significant procedural errors. *Id.* Second, we review the substantive reasonableness of a sentence under "a deferential abuse-of-discretion standard" regardless of whether the sentence is "inside, just outside, or significantly outside the Guidelines range." *Id.* at 1090-91. In this second step, we take into account the "totality of the circumstances" and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 1091. Although we do not apply a presumption of reasonableness, "ordinarily we would expect a sentence within the Guidelines range to be

2

reasonable." *United States v. Chavez*, 584 F.3d 1354, 1365 (11th Cir. 2009), *cert. denied*, 131 S.Ct. 436 ( 2010).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1813 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190. The burden rests on the party challenging the sentence to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Bohannon*, 476 F.3d 1246, 1253 (11th Cir. 2007).

We have previously considered the "double counting" argument and upheld the § 2L1.2 enhancement, because the Guidelines application notes show that the Commission intended certain prior offenses to apply to both the offense level and the criminal history category, and because the enhancement supports a distinct policy concern. *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992).

With respect to Gutierrez's other argument that the § 2L1.2 aggravated felony enhancement was not entitled to deference, based on *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the Supreme Court, in that case, merely held that a sentence is not *per se* unreasonable when based on the sentencing court's disagreement with the sentencing disparity for crack and powder cocaine offenses. *See* 552 U.S. at 91, 128 S.Ct. at 564.

Gutierrez's sentence is not substantively unreasonable, because the district court did not abuse its discretion in giving greater emphasis to particular § 3553 factors, based on the facts and circumstances of the case. *United States v. Langston,* 590 F.3d 1226, 1237 (11th Cir. 2009) (declining to reweigh the § 3553 factors absent showing of clear error of judgment by the district court). The record shows that the district court specifically considered Gutierrez's background in Nicaragua, his alcohol addiction, and his economic circumstances, and balanced these factors against the need to impose an appropriate punishment for Gutierrez's offense, to deter Gutierrez from illegally entering the United States again, and to promote respect for the law. The sentence imposed is also consistent with the variance Gutierrez requested at sentencing, because it falls within the proposed 24-30 month range. Furthermore, Gutierrez received a sentence below both the minimum guideline and the 10-year sentencing maximum. Thus, Gutierrez failed

to demonstrate that the district court committed a clear error of judgment in its assignment of weight to the proposed mitigating factors or that the resulting sentence fell outside the reasonable range of sentences.

**AFFIRMED.**