[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15270
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00222-TWT-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WBLESTER VEGA-SANTANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 26, 2012)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Wblester Vega-Santana appeals his 47-month sentence, imposed after he

pleaded guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Vega-Santana argues that his sentence is unreasonable because the district court relied on unsubstantiated factual findings and U.S.S.G. § 2L1.2, which is inherently unreasonable and inappropriately double counted his criminal history. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] A defendant

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the

may not dispute the inclusion of a fact in his Presentence Investigation Report ("PSI") when he admitted the fact during his change-of-plea hearing, and the district court may properly consider that fact as undisputed for purposes of sentencing. See United States v. Martinez, 584 F.3d 1022, 1027-28 (11th Cir. 2009).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at

---

pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

An enhancement under § 2L1.2 rationally promotes the policy of deterring aliens who are convicted felons from reentering the United States and does not result in the improper double counting of a defendant's criminal history. See United States v. Adeleke, 968 F.2d 1159, 1160-61 (11th Cir. 1992). Furthermore, a Guideline is not per se invalid because it is not based on empirical evidence. Snipes, 611 F.3d at 870. Instead, the lack of empirical evidence is one factor that a court may consider in deciding whether to impose a sentence outside the guideline range. Id.

Here, Vega-Santana's sentence is procedurally reasonable. As for his claim that the district court abused its discretion by sentencing him based on clearly erroneous factual conclusions -- to wit, that Vega-Santana fled from a house being searched for drug activity, that drugs or drug activity were found at the house, or that he had become re-involved with drug activity -- we are unpersuaded. Our review of the record reveals that the district court did not explicitly find that Vega-Santana arrived at, and fled, the drug house, but rather, the district court said that it did not believe a downward variance was appropriate. The district court added that even "[i]f [it] was inclined to go in that direction," Vega-Santana's explanation for why he was

4

arrested in the vicinity of the drug house -- i.e., that it was a case of mistaken identity -- lacked credibility. Thus, the district court did not rely on any factual conclusions, but instead said that it was not inclined to grant a variance, and then spoke hypothetically about why it would not grant a variance even if it were inclined to do so. Moreover, it was apparent from the sentencing transcript that Vega-Santana's sentence was imposed primarily to deter him, and because the district court did not believe his reasons for returning to the United States.

In any event, even if the district court did make a factual finding as to Vega-Santana's presence at the drug house, such a finding was not clearly erroneous. Vega-Santana agreed with the summary of the facts presented by the government at his plea hearing, which provided that he drove to the residence being searched by police with another person, fled upon seeing the police at the house, and was later apprehended by the police in the vicinity of the house. Furthermore, Vega-Santana did not contest that the house was being searched as part of a drug trafficking investigation. Accordingly, he cannot now object to the inclusion of those facts in his PSI, or to the district court's reliance on them at sentencing. See Martinez, 584 F.3d at 1027-28.

Vega-Santana's sentence is also substantively reasonable. We have already addressed and rejected the argument that § 2L1.2 impermissibly double counts a

defendant's criminal history.  See Adeleke, 968 F.2d at 1160-61.  Moreover, even if § 2L1.2 was not based on empirical evidence, the district court did not err by choosing to apply it, since the lack of empirical evidence was merely a single factor that the district court had discretion to consider in deciding whether to grant Vega-Santana's request for a variance.  See Snipes, 611 F.3d at 870.  Insofar as Vega-Santana argues that the district court did not adequately consider, and improperly weighed, the § 3553(a) factors, the district court did not commit a clear error of judgment, and we will not re-weigh the factors on appeal.  See id. at 872. Accordingly, the district court did not abuse its discretion when it sentenced Vega-Santana to 47 months' imprisonment for illegal reentry, and we affirm his sentence.

**AFFIRMED.**