[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15091
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00071-TCB-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESVIN MARIN RABANALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 27, 2012)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Esvin Rabanales appeals his 57-month sentence, which the district court

imposed upon his guilty plea to illegally reentering the United States after having

been removed, in violation of 8 U.S.C. § 1326(a).  In calculating the applicable

Sentencing Guidelines range of 57 to 71 months' imprisonment, the district court

applied a 16-offense-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii)

because Rabanales had been removed from the United States subsequent to a

conviction for a felony crime of violence.  On appeal, Rabanales argues that his

sentence is substantively unreasonable because the 16-offense-level enhancement

is not predicated upon empirical evidence and double counts his criminal history,

and a number of mitigating factors justified a downward variance.  After thorough

review, we affirm.

We review the sentence a district court imposes for "reasonableness," which

"merely asks whether the trial court abused its discretion."  United States v. Pugh,

515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338,

351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps.

Id. at 1190.  First, we "'ensure that the district court committed no significant

procedural error, such as failing to calculate (or improperly calculating) the

Guidelines range, treating the Guidelines as mandatory, failing to consider the §

3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

adequately explain the chosen sentence -- including an explanation for any

2

deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

The party who challenges the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. Talley, 431 F.3d at 788. Also, the fact that a sentence falls appreciably below the statutory maximum further tends to indicate substantive reasonableness. See United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006).

The absence of supporting empirical evidence does not compel the invalidation of a Guideline, though it may be a factor that the district court considers in imposing a sentence. See Snipes, 611 F.3d at 870. Likewise, the application of the 16-offense-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon a defendant's prior conviction does not constitute impermissible double counting, as the enhancement was designed to deter aliens who have prior felony convictions from illegally reentering the United States. See United States v. Adeleke, 968 F.2d 1159, 1160-61 (11th Cir. 1992). Conversely, the Guidelines criminal history section separately aims to punish likely recidivists more severely. See id. at 1161.

4

Here, the district court's application of the 16-offense-level enhancement did not render Rabanales's sentence substantively unreasonable.[2]  Even if Rabanales is correct in his assertion that an empirical basis does not support the enhancement, this fact alone did not invalidate its application or otherwise render his sentence unreasonable.  See Snipes, 611 F.3d at 870.  Rather, assuming that Kimbrough applies to illegal reentry offenses, the district court was permitted, but not required, to consider any lack of empirical evidence as a relevant factor when imposing Rabanales's sentence.  See id.

Nor did the district court's application of the 16-offense-level enhancement impermissibly double count Rabanales's criminal history.  See Adeleke, 968 F.2d at 1160-61.  The enhancement operated as a deterrent to illegal reentry into the United States by a felon, which appears particularly applicable in the instant case given Rabanales's three illegal entries into the United States and the criminal threats he communicated to other individuals.  See id.  This purpose is separate from the criminal history section's aim of punishing likely recidivists more severely, which again appears particularly apt in the instant case given Rabanales's extensive criminal history.  See id. at 1161.

---

[2] Although Rabanales frames his challenge in terms of procedural and substantive reasonableness, his arguments sound primarily in substantive reasonableness.  We therefore only address substantive reasonableness.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that the appellant abandoned an issue to which he only made passing references).

In all, the district court did not commit a clear error in judgment when it imposed a 57-month sentence upon Rabanales. As the district court found, Rabanales's criminal history involved violent criminal acts and recidivist behavior, and it reasonably found that a 57-month sentence would sufficiently address demonstrated needs for deterrence and a respect for the law. See 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Moreover, the 57-month sentence fell at the bottom of Rabanales's Guidelines range and appreciably below the 20-year statutory maximum, further suggesting its substantive reasonableness. See 8 U.S.C. § 1326(b)(2) (establishing a 20-year maximum sentence of imprisonment for an alien that illegally reenters the United States after having been removed subsequent to a conviction for an aggravated felony); Valnor, 451 F.3d at 751-52; Talley, 431 F.3d at 788. Although Rabanales presented both the district court and this Court with various mitigating factors, including the purportedly deficient foundation underlying his Guidelines range, we will not substitute our own judgment regarding the weight assigned to relevant sentencing factors for that of the district court where, as is the case here, the district court did not commit a clear error in judgment. Snipes, 611 F.3d at 872.

**AFFIRMED.**