[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12570
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14002-DLG-1


UNITED STATES OF AMERICA,


Plaintiff-Appellee,

versus

DIEGO PINEDA-DUQUE,


Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 6, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Diego Pineda-Duque appeals his 41-month sentence, imposed at the low end of the applicable Sentencing Guidelines range, after pleading guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Pineda-Duque argues for the first time on appeal that the district court erred in applying a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based on its finding that he had been sentenced to more than 13 months' imprisonment for his drug-trafficking offense in the Eastern District of New York.  He asserts that his sentence of "time served," where he was incarcerated for 14 months because his sentencing hearing was postponed numerous times, does not qualify as a "sentence imposed" that exceeded 13 months.  He further argues that his sentence is procedurally and substantively unreasonable because the court failed to adequately consider the 18 U.S.C. § 3553(a) factors and his mitigating arguments, and imposed a sentence that is longer than necessary to comply with the purposes of sentencing.  Upon careful review of the record and consideration of the parties' briefs, we affirm.

I.

Pineda-Duque first argues that the district court erred in applying the 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based on its finding that he had been sentenced to more than 13 months' imprisonment for his drug-trafficking offense in the Eastern District of New York.  We review a district

court's factual findings for clear error.  *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).  When an appellant challenges the court's application of a sentence enhancement for the first time on appeal, however, the decision is reviewed for plain error.  *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 2361 (2010).  We will reverse only if "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding."  *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011) (per curiam), *cert. denied*, 132 S. Ct. 1943 (2012).  For an error to be plain, it must be obvious or clear under the current law at the time of appellate review.  *United States v. Baker*, 432 F.3d 1189, 1207 (11th Cir. 2005).

Congress specifically permits an enhanced sentence for an "aggravated felon[]" who illegally re-enters the United States after deportation.  8 U.S.C. § 1326(b)(1).  The purpose of the statute is to deter convicted felons from reentering the United States.  *See United States v. Adeleke*, 968 F.2d 1159, 1160–61 (11th Cir. 1992).  Recognizing the greater need to deter the illegal reentry of an alien convicted of a serious crime, the statute allows a longer maximum sentence for the illegal reentry of an aggravated felon than for the illegal reentry of a removed alien.  *United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002).

3

The Guidelines implement this policy by imposing a 16-level enhancement to the base offense level for a defendant who was previously deported after a conviction for a "drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). The Guidelines commentary provides that the "sentence imposed" is the "sentence pronounced, not the length of time actually served." *See* U.S.S.G. § 2L1.2(b)(1) cmt. n.1(B)(vii); § 4A1.2 cmt. n.2.

Here, the district court did not plainly err by finding that Pineda-Duque had been convicted of a drug trafficking offense for which the sentence imposed exceeded 13 months, which subsequently resulted in a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(i). As set forth in the presentence investigation report (PSI), Pineda-Duque was sentenced to "time served" for his drug trafficking offense in the Eastern District of New York. He was arrested for the offense on September 25, 1994, and remained in custody until his sentencing on November 29, 1995—approximately 14 months. Therefore, the sentence imposed for that offense exceeded 13 months, and the district court did not plainly err in applying the § 2L1.2(b)(1)(A)(i) enhancement.

## II.

Pineda-Duque further argues that his sentence is procedurally and substantively unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors and imposed a sentence that was greater than necessary.

4

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing the reasonableness of a sentence, we must first ensure that the sentence was procedurally reasonable, meaning that the district court properly calculated the Guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* at 51, 128 S. Ct. at 597. "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). However, the district court has no obligation to discuss or to explicitly state on the record its consideration of each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Once we determine that a sentence is procedurally reasonable, we must examine whether the sentence was substantively reasonable under the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. 597. A sentence may be remanded if we are left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

5

at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guideline range, the pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The party who challenges the sentence bears the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the Guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

In this case, Pineda-Duque fails to meet his burden of establishing that his 41-month sentence was procedurally or substantively unreasonable in light of the

6

record and the § 3553(a) factors.  The district court adopted the Guideline

calculations contained in the PSI, to which Pineda-Duque made no objections.  The

court considered his arguments and the advisory Guidelines and statutory factors

contained in the PSI, and ultimately imposed a sentence at the low end of the

Guideline range.  This is enough to show that the court had a reasoned basis for

exercising its legal decisionmaking authority.  *See Agbai*, 497 F.3d at 1230.  As to

substantive reasonableness, the sentence of 41 months' imprisonment represented

the lowest end of the applicable Guideline range of 41 to 51 months, and we would

ordinarily expect such a sentence to be reasonable.  *See Hunt*, 526 F.3d at 746.

Although Pineda-Duque argues that the § 2L1.2(b)(1)(A)(i) enhancement

overstates his criminal history and characteristics, the enhancement reflects

Congress's determination that there is a greater need to deter the illegal reentry of

an alien convicted of a serious crime.  *See Zelaya*, 293 F.3d at 1298.  Thus,

considering Pineda-Duque's history, a custodial sentence within the Guideline

range was necessary to promote respect for the law, provide just punishment, and

deter him from further criminal activity.  *See* 18 U.S.C. § 3553(a).  Accordingly,

we affirm.

     **AFFIRMED.**