[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15229
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00227-SCJ-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR SANDOVAL-GORDILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 20, 2014)

Before TJOFLAT, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Hector Sandoval-Gordillo appeals his 57-month sentence, imposed at the

low end of the advisory-guideline range, after pleading guilty to one count of

illegal reentry of a previously removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Sandoval-Gordillo argues on appeal that his sentence was substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing. He does not challenge the procedural reasonableness of his sentence. Upon careful review, we affirm.

## I.

Sandoval-Gordillo, a native and citizen of Mexico, was removed from the United States in April 2011 following a felony conviction for child molestation. Sometime thereafter, Sandoval-Gordillo reentered the United States and was arrested in April 2013 for driving under the influence of alcohol ("DUI") and related offenses. He was arrested, taken into Immigration and Customs Enforcement custody, and later indicted by a federal grand jury for the instant reentry offense. He pled guilty.

In preparing the presentence investigation report ("PSR"), the probation officer calculated a total adjusted offense level of 21. This included a 16-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) because Sandoval-Gordillo previously had been deported following the child-molestation conviction, considered a crime of violence. Based on his prior criminal convictions, Sandoval-Gordillo was assigned a criminal-history category of IV. In addition to the child-molestation conviction, for which he was sentenced

2

to three years in custody followed by seven years on probation, Sandoval-Gordillo also had one prior drug conviction and several DUI convictions. Because he was on probation at the time of the instant offense, the probation officer assigned two additional criminal-history points, pursuant to U.S.S Sentencing Guideline Manual § 4A1.1(d). With a criminal-history category of IV and a total offense level of 21, Sandoval-Gordillo had a resulting guideline range of 57 to 71 months' imprisonment. The maximum statutory penalty was 20 years' imprisonment.

At sentencing, Sandoval-Gordillo contended that a sentence within the guideline range would be unreasonable and excessive under the circumstances. He presented video-recorded statements from his wife and one of his daughters (the victim of the 2008 child-molestation offense) in which they asserted that Sandoval-Gordillo's wife had asked him to return to the United States after his 2011 deportation because she needed help supporting the family. He and his wife have six children, all born in the United States. In addition, his daughter stated that she believed her father had changed and that he should not be required to serve more time. On the basis of this evidence, Sandoval-Gordillo argued that it would be unreasonable to penalize him for returning to the United States to assist his family and suggested that a custodial sentence would essentially punish him a second time for the child-molestation offense. He also argued that the bulk of his criminal history was a result of his drinking problem and that, absent his DUI convictions,

his criminal-history category would have been lower. Sandoval-Gordillo personally addressed the court and promised that he would not return to the United States again after being deported.

The government responded that a sentence at the upper end of the guideline range was warranted based on Sandoval-Gordillo's overall criminal conduct and pattern of disrespect for the law. The government further contended that Sandoval-Gordillo had not truly accepted responsibility for his unlawful reentry because he was effectively blaming his wife for his return to the United States.

The district court stated that it had taken into account Sandoval-Gordillo's arguments and considered "very closely" what his wife and his daughter had said. Yet the court denied Sandoval-Gordillo's request for a sentence below the guideline range, stating that "a guideline sentence in this case would be reasonable taking into consideration your record, which is not that good." The court further explained that the 16-level enhancement under § 2L1.2(b)(1)(A)(i) was "reasonable and fairly calculated," and that Sandoval-Gordillo was "not accepting responsibility in the sense that [he] return[ed] back" to the United States after being deported. After expressly stating that it had considered the § 3553(a) factors, the court sentenced Sandoval-Gordillo to 57 months' imprisonment and 3 years' supervised release. The court then reiterated its finding that "this is a reasonable sentence taking into consideration all the factors under 3553(a) and the presentence

report that I have reviewed."  This appeal from the sentence followed.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586 (2007).  The district court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), including the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553(a)(2).  In addition, the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, among other factors.  *Id.* § 3553(a)(1).

The weight given to any particular factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  *United States v. Irey*, 612 F.2d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted).  The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

### III.

Sandoval-Gordillo contends that the district court imposed a sentence greater than necessary to achieve the purposes of sentencing. In support of this argument, Sandoval-Gordillo asserts that he already had served time for the child-molestation conviction that provided the basis for the 16-level enhancement to his total offense level. He also argues that his sentence should have been lower because he returned at the request of his wife.

In light of the record and the § 3553(a) factors, Sandoval-Gordillo has not shown that his 57-month sentence, at the low end of the guideline range and well below the 20-year statutory maximum, is substantively reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating that we ordinarily expect that a sentence within the guideline range is reasonable). Sandoval-Gordillo's reentry after removal following the child-molestation conviction, along with his numerous DUI convictions, evidence a pattern of disrespect for the law and a lack of acceptance of responsibility for his conduct.

Additionally, we disagree that Sandoval-Gordillo's sentence effectively punishes him for the prior child-molestation conviction. The enhancement under § 2L1.2 "is designed to deter aliens who have been convicted of a felony from re-entering the United States," not to punish a defendant again for a prior offense. *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992). Nor is the

6

consideration of the child-molestation conviction in Sandoval-Gordillo's criminal-history category punishment for the prior offense, as the criminal-history section is designed to punish recidivism more severely. *Witte v. United States*, 515 U.S. 389, 400, 115 S. Ct. 2199 (1995). That Sandoval-Gordillo's child-molestation conviction was considered under both § 2L1.2 and his criminal-history category similarly does not amount to impermissible "double counting" because the Sentencing Commission "clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2." *Adeleke*, 968 F.2d at 1161. Furthermore, we have held that consideration of a defendant's prior offenses under § 3553(a)(1) is appropriate when examining a defendant's "history and characteristics," even though those offenses are also considered in calculating the defendant's guideline range. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008). For these reasons, we find no error in the district court's basing of its sentencing decision in part on Sandoval-Gordillo's prior felony conviction.

Consequently, we cannot conclude that the district court committed a "clear error of judgment in weighing the § 3553(a) factors" in sentencing Sandoval-Gordillo at the low end of the guideline range. *See Irey*, 612 F.2d at 1190. We, therefore, affirm.

**AFFIRMED.**

7