[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 21-13223, 21-13335

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARIO ROBERTO BONILLA-DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:21-cr-00155-RAL-CPT-1,
8:21-cr-00159-RAL-JSS-1

_____

Before ROSENBAUM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Mario Roberto Bonilla-Diaz appeals his 42-month sentence for illegal reentry. *See* 8 U.S.C. § 1326(a), (b)(2). He argues that two guideline enhancements that the district court applied based on prior convictions, U.S.S.G § 2L1.2(b)(1) and (3), are unconstitutional because they violate the equal-protection and due-process rights of noncitizens. Still, though, he concedes that Circuit precedent forecloses this argument. Bonilla-Diaz also maintains that his sentence, a minor downward variance from the guideline range, is substantively unreasonable. After careful review, we affirm.

## I.

In 2021, Bonilla-Diaz pled guilty to a lone count of illegal reentry after removal following a conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(2).

According to his presentence investigation report ("PSR"), Bonilla-Diaz, a native and citizen of Honduras, entered the United States in March 2004 with his mother and two minor brothers. He was apprehended in Brownsville, Texas, and released pending a hearing. In October 2004, at the age of 10, an immigration judge ordered his removal *in absentia* after he did not appear for a removal hearing.

Six years later, when Bonilla-Diaz was 16, he was arrested for aggravated robbery in Texas. According to a police affidavit, he

attempted to rob a woman and her son with a BB gun, placing it in the boy's face, though he and his partner left when the women said they had no money.  Bonilla-Diaz pled guilty and was sentenced to five years' imprisonment.  In April 2015, shortly after his release to parole, immigration officials executed the *in absentia* removal order and returned Bonilla-Diaz to Honduras.

Three years later, in 2018, Bonilla-Diaz illegally reentered the United States in Texas.  He was arrested, convicted of illegal reentry, and sentenced by a Texas federal district court to 24 months' imprisonment.  Bonilla-Diaz was removed to Honduras a second time in April 2020.

According to Bonilla-Diaz, he came to the United States in 2018 with his girlfriend and daughter, who later applied for asylum, because MS-13 members had threatened his life and his family's lives and had shot at him after he resisted their extortion attempts and refused to join the gang.

After his second removal, Bonilla-Diaz again illegally reentered the United States.  He came to the attention of immigration authorities after an arrest for battery in Florida in March 2021.  When questioned by immigration officers, he said that he had paid a smuggler $7,000 to get to the United States to see his family and escape gang violence in Honduras.

Bonilla-Diaz's PSR recommended a guideline imprisonment range of 46 to 57 months, based on a total offense level of 19 and a criminal history category of IV.  The offense level included two

enhancements based on prior convictions: (1) a 4-level increase for committing the instant offense after a prior illegal reentry conviction, *see* U.S.S.G. § 2L1.2(b)(1)(A); and (2) a 10-level increase for committing a felony, for which the sentence imposed was five years or more, after being ordered removed from the United States, *see id.* § 2L1.2(b)(3)(A).  Bonilla-Diaz objected to the 10-level enhancement on equal-protection grounds, arguing that it improperly penalized noncitizens, though he conceded we had rejected this argument in *United States v. Osorto*, 995 F.3d 801 (11th Cir.), *cert. denied*, 142 S. Ct. 470 (2021). [*Id.* at 19]

At sentencing, the district court overruled the objection and adopted the PSR's factual statements and guideline range of 46 to 57 months.  Bonilla-Diaz requested a sentence of 21 months.  He asked the court to disregard the 10-level enhancement in part because it was based on an *in absentia* removal order entered when he was 10 years old and a prior conviction already accounted for in his criminal history.  Bonilla-Diaz personally explained that he did not intend to disrespect the court or the law and that he had returned to the United States to be with his family.  The government asked for a guideline sentence of 50 months.

The district court ultimately imposed a sentence of 42 months, a minor downward variance from the guideline range.[1] The court explained its sentence as follows:

---

[1] At the same hearing, the district court also imposed a concurrent sentence of six months of imprisonment after revoking Bonilla-Diaz's supervised

> All right.  Well, I noticed that he has a previous illegal re-entry after deportation for which the judge in Texas gave him a mid-range sentence of 24 months. I think his guideline range was 21 to 27.  I don't know that it would be appropriate for me to give him less— less time than that.
>
> He presents a sad situation obviously.  He's facing a hostile environment back in Honduras when he's deported with very little family structure there. I'm not convinced that a sentence of 56 months is a reasonable sentence.  I think all things being considered, a small variance is at issue.

The court stated that, in imposing the sentence, it had considered the § 3553(a) factors and the sentencing guidelines, and that, in its judgment, the 42-month sentence was sufficient but not greater than necessary to comply with the purposes of sentencing.

Bonilla-Diaz now appeals his sentence, pressing two arguments.  First, he contends that the sentencing enhancements under U.S.S.G. § 2L1.2(b)(1) and (b)(3) are unconstitutional and violate the Fifth Amendment's guarantees of due process and equal

---

release from the prior illegal reentry offense.  Although Bonilla-Diaz filed a notice of appeal in the supervised-release case, he does not raise any independent arguments about his sentence in that case, so we deem that appeal abandoned. *See United States v. Ifediba*, 46 F.4th 1225, 1241 n.8 (11th Cir. 2022). Accordingly, we **AFFIRM** his revocation sentence.

protection by discriminating against him as a noncitizen. Second, he maintains that the district court abused its discretion and imposed a substantively unreasonable sentence.

## II.

Bonilla-Diaz's challenge to the § 2L1.2(b) enhancements is foreclosed by binding precedent, as he acknowledges. He raises the issue solely to seek further review by the Supreme Court.

In Bonilla-Diaz's view, § 2L1.2(b)(1) and (b)(3) discriminate against noncitizens by counting their prior convictions for both the offense-level and criminal-history category calculations. But we have rejected arguments that the same or similar provisions unlawfully discriminate against noncitizens. *See Osorto*, 995 F.3d at 821–22 (holding that U.S.S.G. § 2L1.2(b)(2) and (3) satisfy procedural due process and do not violate equal protection); *United States v. Adeleke*, 968 F.2d 1159, 1160–61 (11th Cir. 1992) (holding that the previous version of U.S.S.G. § 2L1.2(b)(1) does not violate equal protection and does not constitute impermissible double counting of criminal history for noncitizens). Bonilla-Diaz concedes that our precedent requires affirmance here, and we agree.[2] *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until

---

[2] Although neither *Osorto* nor *Adeleke* addressed the current version of U.S.S.G. § 2L1.2(b)(1), Bonilla-Diaz raises no independent argument about that provision and admits that his challenge is covered by *Osorto*'s reasoning.

it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

## III.

Bonilla-Diaz also argues that his sentence of 42 months' imprisonment is substantively unreasonable. We review the reasonableness of a sentence for an abuse of discretion. *Osorto*, 995 F.3d at 822. As the challenger, Bonilla-Diaz "must shoulder the burden of demonstrating that the sentence is unreasonable, considering the complete record, the § 3553(a) factors, and the substantial deference we give sentencing courts." *Id.* He has not made that showing here.

The district court has wide discretion to impose a sentence that is sufficient but not greater than necessary to fulfill the purposes of sentencing, which include retribution, deterrence, and protection of the public. *See* 18 U.S.C. § 3553(a). In making that determination, the court must consider all the § 3553(a) factors, including the defendant's history and characteristics, the nature and circumstances of the offense, and the guideline range, as well as the parties' nonfrivolous arguments. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). But it is "not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence," so long as the record reflects its consideration of these factors. *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021); *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). And "[t]he decision about how much weight to assign a particular sentencing factor is committed to the sound

discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254 (quotation marks omitted).

Nevertheless, the district court abuses it discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Bonilla-Diaz argues that the district court abused its discretion by giving significant weight to an improper factor—his prior 24-month sentence for illegal reentry—and by failing to consider or giving too little weight to mitigating factors that were due significant weight.

Here, the district court's sentence of 42 months' imprisonment is substantively reasonable. The court correctly calculated the guideline range. It listened to Bonilla-Diaz's arguments in mitigation and the government's arguments in response. And it stated that it had considered the § 3553(a) factors and the sentencing guidelines. The court also expressly found that a downward variance was warranted to account for Bonilla-Diaz's mitigation arguments, noting that his case presented a "sad situation obviously" and that he was "facing a hostile environment back in Honduras when he's deported with very little family structure there." That the court did not address the mitigating evidence in more detail or weigh it more heavily does not amount to an abuse of the court's discretion. *See Taylor*, 997 F.3d at 1354; *Rosales-Bruno,* 789 F.3d at 1254.

The district court also properly applied and considered the 10-level enhancement for a post-removal-order conviction, which we have held validly supports Congress's goal "to deter noncitizens with prior convictions from repeatedly reentering the United States." *Osorto*, 995 F.3d at 820–22. And the court was permitted to consider and give weight to his prior convictions and sentences when evaluating the § 3553(a) factors more broadly. *See Rosales-Bruno*, 789 F.3d at 1261 ("District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed."). That the 42-month sentence was both below the guideline range and well below the statutory maximum of 20 years further supports the reasonableness of the sentence. *See* 8 U.S.C. § 1326(b)(2); *Osorto*, 995 F.3d at 823 (citing these factors as indicators of reasonableness).

Finally, we are not persuaded by Bonilla-Diaz's claim that the district court effectively treated the Texas court's prior 24-month sentence for illegal reentry as a "floor" for his current sentence. While the court stated it would not be "appropriate" to give him less time than the 24-month sentence, the court did not emphasize the Texas court's sentence or otherwise appear to substitute that court's judgment for its own. Rather, the record reflects that the court made an independent judgment that a sentence closer to the guideline range in this case, 46 to 57 months, was appropriate based on the facts of the case and the § 3553(a) factors. And for the reasons we just explained, the court's decision to impose a 42-month sentence was not outside the range of

reasonableness under the totality of the circumstances. *See Osorto*, 995 F.3d at 822.

**AFFIRMED.**