[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13029
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00003-AT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALERIANO CRUZ-MENDOZA,
a.k.a. Valeriano Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 8, 2013)

Before BARKETT, WILSON  and ANDERSON, Circuit Judges.

PER CURIAM:

Valeriano Cruz-Mendoza appeals his below-guidelines 32-month sentence, which the district court imposed after he pled guilty to illegally reentering the United States after removal. Cruz-Mendoza argues that his sentence was substantively unreasonable. He argues that there is no empirical evidence to support the severe 16-level guideline enhancement under § 2L1.2(b)(1)(A)(ii), for illegal reentry following a felony conviction. In addition, he asserts that the fact that prior convictions drive up both the offense level and the criminal history score under the guidelines constitutes impermissible double counting. Finally, Cruz-Mendoza argues that the court gave insufficient weight to the facts and circumstances of his case, and abused its discretion by failing to fashion a more lenient sentence.

We review the reasonableness of a defendant's sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007), and the party challenging the sentence bears the burden of demonstrating that it is unreasonable, *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide needed educational or vocational training,

2

or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines range, pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need for restitution. *Id.* § 3553(a)(1), (3)-(7).

Considering these standards, we affirm. Cruz-Mendoza's arguments sound solely in substantive reasonableness. He does not argue that the district court failed to properly calculate his Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, imposed his sentence based upon clearly erroneous facts, or failed to adequately explain his sentence. Rather, he argues that, in light of the 16 offense-level-enhancement and a variety of mitigating factors, his sentence exceeds that which is necessary to achieve the appropriate sentencing objectives.

Cruz-Mendoza's argument regarding the lack of empirical evidence supporting the 16 offense-level-enhancement under § 2L1.2(b)(1)(A)(ii) is raised for the first time on appeal and we find no error, plain or otherwise. Even if Cruz-Mendoza is correct that the enhancement is not supported by an empirical basis, this fact alone would not invalidate its application or otherwise render his sentence unreasonable. *See United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010)

3

(addressing U.S.S.G. § 2T1.1, and holding that the absence of empirical evidence is not an independent ground that requires the wholesale invalidation of a guideline). Rather, the district court was permitted, but not required, to consider any lack of empirical evidence as a relevant factor when imposing Cruz-Mendoza's sentence. *See Snipes*, 611 F.3d at 870. Thus, the district court did not err in applying the § 2L1.2(b)(1)(A)(ii) enhancement.

Nor did the district court's application of the 16 offense-level-enhancement impermissibly double count Cruz-Mendoza's criminal history. *See United States v. Adeleke*, 968 F.2d 1159, 1160-61 (11th Cir. 1992). Double counting is permitted if the Sentencing Commission intended that result and the two guidelines sections serve different purposes. *Id.* at 1161. Here, criminal history categories punish recidivists, and § 2L1.2(b)(1)(A) deters aliens from reentering the country after committing felonies. *Id.* Thus, double counting was permitted in this case.

Finally, we must reject Cruz-Mendoza's argument that that his sentence is substantively unreasonable. As the district court found, Cruz-Mendoza's criminal history involved a violent criminal act, he was a recidivist, and he was on "very clear notice" of the penalties he might face for returning to this country. The court reasonably found that a 32-month sentence would sufficiently address demonstrated needs for deterrence and respect for the law. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B); (R1-32 at 24-25). Moreover, the 32-month sentence fell

below the bottom of Cruz-Mendoza's Guidelines range and appreciably below the 20-year statutory maximum, further suggesting its substantive reasonableness. *See* 8 U.S.C. § 1326(b)(2) (establishing a 20-year maximum sentence of imprisonment for an alien that illegally reenters the United States after having been removed subsequent to a conviction for an aggravated felony). Cruz-Mendoza's 32-month sentence fell within the range of reasonable sentences that the district court could have imposed and we cannot say the court's conclusion that Cruz-Mendoza's sentence was "sufficient," but "not greater than necessary to penalize for the offense involved here" was erroneous.

**AFFIRMED.**