[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12635
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00051-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL MENDOZA-BUSTOS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(February 25, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Mendoza-Bustos appeals his 48-month sentence, imposed at the low

end of the guideline range, for re-entry of a deported alien, in violation of 8 U.S.C.

§ 1326(a), (b)(2).[1]  On appeal, Mendoza-Bustos argues that his sentence for this conviction was substantively unreasonable because only one prior conviction had skewed his guideline range.  After careful review of the parties' briefs and the record, we affirm.

We review the procedural and substantive reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).  We review the ultimate sentence and not each decision made during the sentencing process.  *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence.  *Id.*  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010).  We examine whether the sentence was substantively reasonable in

---

[1]      Mendoza-Bustos does not appeal the substantive reasonableness of his 6-month revocation sentence, which the district court ordered to run consecutively with this 48-month sentence.

light of the totality of the circumstances.  *Id.*  A district court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc), *cert. denied*, 131 S. Ct. 1813 (2011).  We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1190 (quotation omitted).

Mendoza-Bustos received a 16-point enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(I) for his 2004 conviction for possession with intent to distribute heroin.  This conviction also resulted in a criminal history category of III. Mendoza-Bustos argues that the 16-point enhancement resulted in an unreasonable sentence, particularly because this same past conduct had already increased his criminal history points.  But we have previously considered a similar "double counting" argument and upheld the § 2L1.2 enhancement.  *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992).  In general, double counting is permissible if the Sentencing Commission intended the result and each guideline section addresses conceptually separate sentencing purposes.  Specifically addressing the § 2L1.2 enhancement, we held that the Commission intended prior

felonies to count against defendants under both the criminal history section and § 2L1.2 based on Application Note 5 (now Note 6), which stated that the enhancement applies "in addition to any criminal history points."  Finally, we have noted that the § 2L1.2 enhancement supports a distinct policy concern from the criminal history section; the criminal history section is designed to punish likely recidivists more severely, while § 2L1.2 enhancement is designed to deter aliens who have been convicted of a felony from re-entering the United States.  *Id.*

As to the substantive reasonableness of the sentence, Mendoza-Bustos has twice been convicted for possession of dangerous drugs.  In 1998, he was arrested for the possession for sale of cocaine, heroin, and methamphetamine.  In 2003, Mendoza-Bustos was arrested for possession with intent to distribute heroin.  He was deported after both convictions but illegally re-entered the country on at least two occasions, including on at least one occasion when he was still on supervised release.  The district court heard testimony from Mendoza-Bustos, explicitly noted the advisory guideline range of 46 to 57 months, and sentenced him at the low end of the guideline range.  The district court's sentence was justified by Mendoza-Bustos's criminal history, the need to promote respect for the law, the need to protect the public, and the need to deter Mendoza-Bustos and others from illegally re-entering the United States.  Additionally, the fact that Mendoza-Bustos's 48-

4

month sentence is only one-fifth of the 20-year statutory maximum sentence further supports the reasonableness of his sentence.  *See Gonzalez*, 550 F.3d at 1324.  Accordingly, we affirm.

**AFFIRMED.**