[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16601
Non-Argument Calendar

_____

D. C. Docket No. 1:12-cr-00279-SCJ-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN ESPINOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 19, 2013)

Before CARNES, Chief Judge, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Christian Espinosa appeals his 52-month sentence, imposed after he pled guilty to 1 count of re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Espinosa argues that his sentence was substantively

unreasonable because the sentence imposed gives too much weight to his single prior drug conviction.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir.2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing sentences for reasonableness, we typically perform two steps.  Id. at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Id. (quoting

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Gall, 552 U.S. at 51). Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir.2005). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir.2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). However, a district court's unjustified reliance upon any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

3

When a guidelines provision is not supported by "empirical data and national experience," a district court does not abuse its discretion if it concludes that a within-guidelines sentence is "greater than necessary to achieve § 3553(a)'s purposes." Kimbrough v. United States, 552 U.S. 85, 109-10 (2007) (quotation omitted). But this lack of empirical evidence "is not an independent ground that compels the invalidation of a guideline." Snipes, 611 F.3d at 870. It is merely "one factor" that a district court could consider in exercising its right to depart from the guidelines. Id.

Double counting is impermissible when "one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Matos-Rodriguez, 188 F.3d 1300, 1309 (11th Cir. 1999) (quotation omitted). It is permitted when the Sentencing Commission intended the result, and each guideline section in question concerns a conceptually separate notion related to sentencing. Id. at 1310.

In this case, Espinosa has failed to show that his sentence was substantively unreasonable.[2] As for his argument that the 16-level enhancement under § 2L1.2(b)(1)(A) for his prior drug felony conviction was arbitrary and without

---

[2] Espinosa raises no challenge to the procedural reasonableness of his sentence, and accordingly, has waived any claim in this respect. See United States v. Jernigan, 341 F.3d 1273, 1283 n. 8 (11th Cir.2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

4

empirical justification, we are unconvinced. As we've said, "the absence of empirical evidence is not an independent ground that compels the invalidation of a guideline." Snipes, 611 F.3d at 870. Indeed, the Supreme Court did not invalidate the guideline in question in Kimbrough, but instead held that a lack of empirical evidence was one factor that a district court could consider in exercising its right to depart from the guidelines. Espinosa attempts to transform this right of the district court into a duty to do so. But standing on its own, the lack of empirical evidence does "not require the wholesale invalidation of sentencing guidelines." Snipes, 611 F.3d at 870.

We are also unpersuaded by Espinosa's claim that it is substantively unreasonable that his same prior drug conviction enhanced his sentence both by increasing his offense level and by raising his criminal history category. We have held that the Sentencing Commission "clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2." United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992). Moreover, this is permissible because the purpose of the criminal history section is "to punish likely recidivists more severely, while the enhancement under § 2L1.2 is designed to deter aliens who have been convicted of a felony from re-entering the United States." Id. Thus, this supposed "double counting" is permissible because "the

5

Sentencing Commission intended the result, and . . . because each section concerns conceptually separate notions relating to sentencing." Id. (quotation omitted).

Finally, there is no merit to the claim that the district court abused its discretion in its consideration of the § 3553(a) factors. For starters, his sentence of 52 months' imprisonment fell within the guideline range of 46 to 57 months, and we would ordinarily expect such a sentence to be reasonable. Moreover, his sentence was also well below the 20-year statutory maximum penalty. While the district court did give specific emphasis to the commutation of Espinosa's prior drug conviction, there is nothing in the record to indicate that it did so "single-mindedly" to the detriment of all the other § 3553(a) factors. See Crisp, 454 F.3d at 1292. Rather, the record shows that the district court considered mitigating evidence and noted specifically that it had read all of the letters from Espinosa's family. The court also noted its concern that part of Espinosa's prior drug sentence had been commuted pursuant to his initial removal from this country and that he "more or less violate[d] the terms of conditions of probation" by returning. Thus, the district court properly considered the § 3553 factors by observing, among other things, that sentence within the guidelines range was necessary to promote respect for the law and provide just punishment. Accordingly, Espinosa has not shown that his sentence was substantively unreasonable.

**AFFIRMED.**