[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14243
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00056-AT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTTO RENE SANCHEZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 12, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Otto Rene Sanchez-Garcia appeals his 57-month sentence, imposed following his conviction for illegally reentering the United States after having previously been deported.  He argues that the district court erred by: (1) not ruling

on his challenge to the Sentencing Guidelines for immigration violations; (2) not understanding that it had the authority to "deconstruct" the Sentencing Guidelines and recalculate his guideline range; and (3) imposing an unreasonable sentence. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). When sentencing objections are raised for the first time on appeal, we consider them under the plain error doctrine. United States v. Garrison, 133 F.3d 831, 848 (11th Cir. 1998). In order to establish plain error, a defendant must show: (1) error (2) that is plain and (3) affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). If all three conditions are met, then we may exercise our discretion to correct an error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

First, we are unpersuaded by Sanchez-Garcia's claim that the court failed to rule on his challenges under Kimbrough v. United States, 552 U.S. 85 (2007), that the illegal reentry guideline lacked empirical support and was developed in a manner inconsistent with the Sentencing Commission's exercise of its characteristic institutional role. Under Rule 32, when the defendant objects at sentencing, the district court must "rule on the dispute or determine that a ruling is

2

unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed.R.Crim.P. 32(i)(3)(B). Here, the district court suspended the sentencing hearing in order to ensure that it had sufficient information to consider Sanchez-Garcia's Kimbrough challenge to U.S.S.G. § 2L1.2(b)(1)(A)(ii), it stated expressly that it read the sentencing memoranda, and it ensured that he no longer claimed his aggravated robbery conviction was overrepresented. The court found that Sanchez-Garcia held the firearm during the aggravated robbery, resolving its concerns about overrepresenting the seriousness of the prior conviction, and then found that the guideline range, without modification, was appropriate. Notably, Sanchez-Garcia did not object below to the district court's treatment of the issue. Thus, contrary to Sanchez-Garcia's claim, the court considered and rejected his Kimbrough argument and did not err, much less plainly err, by failing to do so.

We also reject Sanchez-Garcia's argument that the district court failed to understand that it could "deconstruct" and recalculate his guideline range. When a guidelines provision is not supported by "empirical data and national experience," a district court does not abuse its discretion if it decides that a within-guidelines sentence is "greater than necessary to achieve § 3553(a)'s purposes." Kimbrough, 552 U.S. at 109-10 (quotation omitted). But a lack of empirical evidence "is not an independent ground that compels the invalidation of a guideline." United States v.

3

Snipes, 611 F.3d 855, 870 (11th Cir. 2010). It is merely "one factor that a district court could consider in exercising its post-[United States v. Booker, 543 U.S. 220 (2005)] right to depart from the guidelines." Id. It does not, however, "require the wholesale invalidation of sentencing guidelines." Id.

Here, as we've already determined, the district court considered and rejected Sanchez-Garcia's request, under Kimbrough, that it "deconstruct" the 16-level enhancement. The court questioned him regarding the exact nature of his argument, in order to understand whether he was requesting a recalculation of the guideline range, a departure, or a variance. The court never expressed doubt or confusion as to its authority to consider policy issues in order to impose a sentence outside the guideline range in the PSI, and its only comments regarding its hesitancy to act on policy concerns related to the taxpayer burden of incarceration, not the policies underlying the 16-level enhancement. The court thus recognized its authority, and was not required to sentence outside of the guideline range just because Sanchez-Garcia argued that the applicable enhancement lacked a sufficient foundation in empirical data. Id. We affirm this issue as well.

Finally, we find no merit to Sanchez-Garcia's claim that his sentence was unreasonable. In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or

4

improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will not reweigh the

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

In United States v. Adeleke, 968 F.2d 1159, 1160-61 (11th Cir. 1992), we upheld the enhancements set forth in § 2L1.2(b)(1) because: (1) they rationally promote the policy of deterring aliens who are also convicted felons from reentering the United States; and (2) they do not result in improper double counting because the Sentencing "Commission clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2." It is true that, following the Supreme Court's decision in Booker district courts may disagree with the policy judgments of the Sentencing Commission. See United States v. Irey, 612 F.3d 1160, 1217-18 (11th Cir. 2010) (en banc). The district

court still must calculate the advisory guidelines range correctly, however. See Pugh, 515 F.3d at 1190.

As for procedural reasonableness, the district court did not err in calculating the guideline range, nor in treating the guidelines as mandatory. It considered the § 3553(a) factors and the policy arguments Sanchez-Garcia raised, and found that the 57-month sentence was sufficient but not greater than necessary to comply with the purposes of sentencing, which is more than sufficient under our law.

As for substantive reasonableness, his history of repeated deportations and criminal offenses supports the sentence the district court imposed at the bottom of the guideline range. 18 U.S.C. § 3553(a)(1). Sanchez-Garcia demonstrated his disrespect for the law by continuing to illegally return to the United States and violating its laws, and a 57-month period of incarceration would promote respect for the law, protect the public, and deter future criminal conduct in a manner that suspended sentences and deportation alone did not. Id. § 3553(a)(2). Additionally, his sentence was well below the statutory maximum 20-year sentence, which is indicative of reasonableness. Gonzalez, 550 F.3d at 1324. Moreover, the district court's rejection of Sanchez-Garcia's arguments under Kimbrough, which we've already discussed, does not render the sentence unreasonable. Finally, we've previously rejected the argument that the § 2L1.2(b)(1) enhancement produces double counting, so his sentence is not unreasonable on that basis, either. Adeleke,

7

968 F.2d at 1160-61.  As a result, Sanchez-Garcia's 57-month sentence, imposed at the bottom of the guideline range, was not unreasonable.

**AFFIRMED.**