[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No.  20-13912
Non-Argument Calendar

————————————————

D.C. Docket No. 8:17-cr-00257-RAL-CPT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO HERNANDEZ-GALARZA,
a.k.a. Mario Galarza-Hernandez,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(August 17, 2021)

Before JORDAN, NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Mario Hernandez-Galarza, a counseled federal prisoner, appeals his 48-month sentence following his conviction for one count of illegal reentry to the United States after having previously been deported.  The government, in turn,

moves for summary affirmance of the district court's judgment or, alternatively, for a stay of the briefing schedule, arguing that Hernandez-Galarza's arguments are foreclosed by our binding precedent.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We normally review constitutional challenges to the Sentencing Guidelines *de novo*. *See United States v. Osorto*, 995 F.3d 801, 810 (11th Cir. 2021). However, we review for plain error when a defendant fails to object to an alleged constitutional error before the district court. *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). Further, under the prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Section 1326 of Title 8 criminalizes the reentry of removed aliens. 8 U.S.C. § 1326. As relevant here, it provides for criminal penalties for an alien who

reenters the United States after he was removed for being convicted of an aggravated felony. *Id.* § 1326(b)(2).

Pursuant to the 2018 Guidelines, an offense involving unlawfully entering or remaining in the United States—including a conviction under 8 U.S.C. § 1326—is assigned a base offense level of 8. U.S.S.G. § 2L1.2(a). Further, a defendant's offense level is increased by six if he was convicted of a felony offense, for which the sentence imposed exceeded one year and one month, before he was ordered deported or removed. *Id.* § 2L1.2(b)(2)(C). The guidelines also provide for an eight-level enhancement if, after the defendant was ordered deported or removed, he was convicted of a felony offense for which the sentence imposed was two years or more. *Id.* § 2L1.2(b)(3)(B).

Equal protection of rights under federal law is governed by the Fifth Amendment. *Osorto*, 995 F.3d at 810. Specifically, the Fifth Amendment's guarantee of due process embodies within it the concept of equal justice under the law. *Id*.

In 1992, we rejected an equal protection challenge to the version of U.S.S.G. § 2L1.2(b)(2) in effect at the time, and we held that application of the same did not violate noncitizens' due process rights. *See United States v. Adeleke*, 968 F.2d 1159, 1160-61 (11th Cir. 1992). We also explained that § 2L1.2(b)(2) and the Chapter Four criminal-history guidelines did not impermissibly "double-count"

prior convictions because the Sentencing Commission "clearly intended" this result and because different policies—deterrence and recidivism, respectively—motivated each provision. *Id*. at 1161.

Importantly, the version of the guidelines in effect when Adeleke was sentenced included no offense enhancement for an illegal-reentry defendant if he committed the same single other crime after he was deported for illegal reentry but before his current illegal-reentry prosecution. *See Osorto*, 995 F.3d at 808. To more equitably reflect culpability and risk of recidivism embodied in § 1326(b), however, the Sentencing Commission amended § 2L1.2(b) in 2016 to decrease the maximum enhancement, in illegal reentry cases, for a pre-deportation conviction to 10 levels (§ 2L1.2(b)(2)), while at the same time adding a new enhancement of up to 10 levels for a post-first-deportation conviction incurred before the immediate illegal-reentry offense (§ 2L1.2(b)(3)). *Id*.

In *Osorto*, decided in April 2021 after Hernandez-Galarza's sentencing and after he filed his initial brief, an alien who was convicted of illegal reentry had committed other offenses both before his original deportation and after it, but before his current illegal-reentry offense, and, as a result, he received offense-level increases under both subsections 2L1.2(b)(2) and (3). *Id*. At sentencing, he challenged both subsections as violations of, among other things, his equal-protection rights. The district court overruled his objections, however, and

4

enhanced his offense level under U.S.S.G. § 2L1.2(b)(2) because he had previously been convicted of a single qualifying crime (other than illegal reentry) before he was deported at an earlier time. *Id.* at 809. He appealed, challenging the preceding on equal protection grounds. *Id.* We affirmed, however, holding that, in light of *Adeleke*, "the Sentencing Guidelines' enhancements under subsections 2L1.2(b)(2) and (3), for criminal convictions received before and after the defendant's previous deportation or removal, d[id] not violate the Constitution's guarantee of equal protection." *Osorto*, 995 F.3d at 823-24. We also held that the enhancements under § 2L1.2(b)(2) and (3) did not "cause unlawful double-counting in violation of due process or otherwise." *Id.* at 824.

Here, as Hernandez-Galarza acknowledges, we are faced with the same question we were in *Osorto*. Thus, his claim that the enhancements pursuant to § 2L1.2 violated his right to equal protection under the Constitution is foreclosed by *Osorto*. *See Osorto*, 995 F.3d at 823-24.

Therefore, because the government's position is correct as a matter of law, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.