[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12038

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS DAVID HUERTA-CARRANZA,
a.k.a. David Huerta,
a.k.a. Luis David Huerta,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00597-RAL-AAS-1

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Huerta-Carranza, a native and citizen of Mexico, appeals from his conviction and sentence for being found illegally in the United States after being convicted of a felony and previously deported, in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court erred in denying his motion to dismiss the indictment because the immigration judge ("IJ") lacked jurisdiction in his original removal proceeding based on a defective notice to appear ("NTA"), under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). He also argues that U.S.S.G. § 2L1.2(b)(1)(A) and (3)(C) are unconstitutional and violate the Fifth Amendment's due process and equal protection clauses. However, he concedes that our precedent forecloses both of his claims, and he seeks to simply preserve them for further review. Accordingly, we affirm.

## I.    Background

Huerta-Carranza entered the United States illegally from Mexico in the 1990s. In 2001, authorities served Huerta-Carranza

with a NTA charging him as removable for being present in the United States without being admitted or paroled. The NTA indicated that he should appear before an IJ at a date and time to be determined. A subsequent notice provided him with the date, place, and time of his removal hearing. The IJ subsequently ordered him removed to Mexico, and he was removed in June 2001. At some point thereafter he reentered the United States illegally and was arrested several times for various offenses between 2004 and 2013. In 2013, he was charged and convicted of illegal reentry and again removed from the United States in January 2014. He reentered again and was once again charged and convicted of illegal reentry and after serving his sentence was again removed to Mexico in 2017. Later, in July 2019, he again illegally entered, his prior removal order was reinstated, and he was removed that same month. Later in 2019, he reentered again and was charged in the present case with illegal reentry after having sustained a felony conviction and being removed.

Huerta-Carranza filed a motion to dismiss the indictment, arguing that the IJ lacked jurisdiction over his original 2001 removal proceedings because his NTA was defective under *Pereira*, in which the Supreme Court held that a notice to appear that does not specify the time and place of the initial removal proceeding does not qualify as a "notice to appear under [8 U.S.C.] 1229(a)" and therefore does not trigger the stop-time rule for purposes of cancellation of removal. 138 S. Ct. at 2110, 2115. However, he conceded that in *Perez-Sanchez v. U.S. Att'y Gen.,*

935 F.3d 1148, 1154–56 (11th Cir. 2019), we held that the failure to include the date, time, and place of an alien's removal hearing in a NTA did not deprive the IJ of jurisdiction over the proceedings. The district court entered an endorsed order denying the motion to dismiss, citing *Perez-Sanchez*.

Huerta-Carranza proceeded to a bench trial based on stipulated facts and was found guilty as charged. He renewed his motion to dismiss during the bench trial, and it was denied.

His presentence investigation report ("PSI") indicated that he received a four-level guidelines increase to the base offense level under U.S.S.G. § 2L1.2(b)(1)(A) because he committed the instant offense after being convicted of another illegal reentry offense.[1] He also received a six-level increase under U.S.S.G. § 2L1.2(b)(3)(C) because after being deported he was convicted of a felony offense (other than illegal reentry) for which the sentence imposed exceeded one year and one month.[2] His total adjusted offense level

---

[1] Section 2L1.2(b)(1)(A) provides that "[i]f the defendant committed the instant offense after sustaining—(A) a conviction for a felony that is an illegal reentry offense, increase by 4 levels." U.S.S.G. § 2L1.2(b)(1)(A).

[2] Section 2L1.2(b)(3)(C) provides that "[i]f, after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in . . . a conviction for a felony offense (other than an illegal reentry offense), for which the sentence imposed exceeded one year and one month, increase by 6 levels." U.S.S.G. § 2L1.2(b)(3)(C). Huerta-Carranza's PSI indicated that he was convicted in 2005 of five felony counts related to forgery. He was sentenced to 180 days in jail followed by 2 years' probation, but his probation was later

of 15 and his criminal history category of V resulted in a guidelines range of 37 to 46 months' imprisonment. He objected to the offense-level enhancements under U.S.S.G. § 2L1.2(b), arguing that the guideline was unconstitutional because it resulted in double counting of his criminal history due to his status as an alien and violated his right to equal protection and due process of the law. The district court overruled his objection at sentencing as foreclosed by binding precedent. The district court sentenced him to 46 months' imprisonment. This appeal followed.

## II.    Discussion

Huerta-Carranza is correct that both of his claims are squarely foreclosed by binding precedent. Under the prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

First, we have rejected the argument that, under *Pereira*, the IJ lacks jurisdiction over removal proceedings because the NTA was defective. *Perez-Sanchez*, 935 F.3d at 1154–55. The Supreme Court's subsequent decision in *Niz-Chavez*[3] that 8 U.S.C. § 1229b(d)(1) and § 1229(a)(1) unambiguously require that the

---

revoked and he was sentenced to 9 months in jail, which when combined with his initial term of imprisonment totaled more than a year and a month.

[3] After Huerta-Carranza filed his notice of appeal, the Supreme Court issued its decision in *Niz-Chavez*.

government provide a single NTA containing all of the information required to be in an NTA in order to trigger the stop-time rule for cancellation of removal was not a jurisdictional ruling and did not undermine our holding in *Perez-Sanchez*. 141 S. Ct. at 1479–86. And we have continued to rely on *Perez-Sanchez*'s holding that a defective NTA does not create a jurisdictional issue post-*Niz-Chavez*. *See Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1322 (11th Cir. 2021) (holding that "the immigration court retains jurisdiction over an alien's removal proceedings even if the alien's notice to appear does not contain the time or place of the proceedings"). Accordingly, we conclude that the district court did not err in denying Huerta-Carranza's motion to dismiss the indictment.

Second, we have held that U.S.S.G. § 2L1.2(b) does not violate the Fifth Amendment's guarantees of due process and equal protection. *See United States v. Osorto*, 995 F.3d 801, 821–22 (11th Cir.), *cert. denied*, 142 S. Ct. 470 (2021) (holding that U.S.S.G. § 2L1.2(b)(2) and (3) satisfied procedural due process and do not violate equal protection); *United States v. Adeleke*, 968 F.2d 1159, 1160–61 (11th Cir. 1992) (holding that previous version of U.S.S.G. § 2L1.2(b)(1) does not violate equal protection and does not constitute impermissible double counting of criminal history). Accordingly, the district court did not err in denying Huerta-Carranza's constitutional challenge to U.S.S.G. § 2L1.2(b).

AFFIRMED.